W. R. HOWELL and wife, CARRIE D. HOWELL, v. THE NOR-
FOLK AND CAROLINA RAILROAD COMPANY.

(Decided February 21, 1899).

*Nonsuit.*

In reviewing a judgment of non-suit, the appellate court will con-
sider every proposition as proved, which is necessary to be
proved, when there is evidence tending to prove it.

CIVIL ACTION for damages to plaintiffs' land by overflow
and ponding water, caused by the alleged negligent and un-
skillful construction of defendant's road, tried before *Nor-
wood, J.,* at Fall Term, 1898, of EDGECOMBE Superior Court.

The complaint alleged the ownership in fee and possession
by the plaintiffs of the land injuriously affected; the negli-
gent and unskillful construction of the road by the defendant,
over said land, and the continuing damage to said land result-
ing therefrom.

The answer denied every allegation contained in the com-
plaint and set up the statute of limitations as a defense.

The plaintiffs introduced evidence tending to prove that
prior to the building of defendant's road, in 1889, the plain-
tiffs owned two-sixths interest in what was known as "the
Knight land" in Edgecombe County, a tract of something
over 400 acres—the *feme* plaintiff by inheritance and the
male plaintiff by purchase—one-sixth each; that in 1890
there was an actual division among the tenants in common by
a final decree of the Court, and in 1891 the male plaintiff con-
veyed his portion to the female plaintiff, his wife—constitut-
ing her the owner of one-third of the Knight land, and that
this is the land described in the complaint as injuriously af-
fected by the wrongful conduct of the defendant. There was

evidence tending to show that in constructing its road the defendant company, without cause or necessity, cut away for the distance of 82½ yards an embankment four feet high, which had been thrown up and maintained for more than fifty years by the owners of said land, as a protection against Mill Swamp, a natural water-course forming the eastern boundary of the property, and that at the same time the company had dug ditches along its right-of-way into the run of said swamp, and that by reason of the removal of said embankment and the cutting of said ditches, a large part of the waters of said swamp was diverted from the natural run of same and turned upon the lands of plaintiffs, thereby rendering valueless some ten or twelve acres, theretofore valuable for agricultural purposes, and had also dug a number of large pits, partly on and partly outside of the right-of-way, in close proximity to the dwelling of plaintiffs, which were usually filled with water diverted from said swamp, and became stagnant and unhealthy, and during the summer months caused sickness in plaintiffs' family.

There was evidence tending to show the amount of damages which plaintiffs had sustained by reason of the wrongs complained of.

The defendant introduced no evidence.

The Court intimated the opinion that the plaintiffs could not recover on the evidence offered, and thereupon they excepted to the ruling of the Court, submitted to a judgment of nonsuit, and appealed to the Supreme Court.

*Messrs. Gilliam & Gilliam,* for plaintiffs (appellant).
*Mr. John L. Bridgers,* for defendant.

FURCHES, J. This is an action for damages to plaintiffs' land by the overflow of water caused by the negligent and

unskillful manner in which the defendant constructed its road.

Upon the close of the plaintiffs' evidence, the Court intimated the opinion that plaintiffs could not recover, and plaintiffs submitted to a judgment of nonsuit and appealed.

There are no grounds set out in the statement of the case why the Court was of the opinion that plaintiffs could not recover. And we would have been at a loss to know upon what grounds the opinion of the Court was founded, if they had not been stated by defendants' counsel in his brief. We learn from this, that there were two grounds that appeared to his Honor as defects, that influenced him to come to the judgment he did: First, that plaintiffs failed to allege and prove that they were the owners of the land alleged to be damaged, and secondly, that it appeared to his Honor that plaintiffs were tenants in common with other persons, and that this was not alleged in the complaint.

It is not necessary that we should consider whether possession would not entitle the plaintiffs to at least nominal damages; nor is it necessary that we should consider whether one tenant in common could not maintain such an action, which is trespass or in the nature of trespass, as neither of these questions is presented by the record. Nor is it necessary that we should decide that any proposition, necessary to be proved by plaintiffs, was established. It is sufficient in such cases of nonsuit, where it is our duty, to take every proposition, when there is evidence tending to prove it, as proved.

The plaintiffs allege their ownership in fee-simple. There was evidence tending to prove that one Knight owned the land before defendant constructed its road, in 1889; that he died, and it descended to his heirs-at-law, six in number; that it had been divided between them under proceedings in

Court; that embankments four feet high had been made along the stream fifty years ago to prevent the overflow of water on plaintiffs' land, and that these embankments had been constantly kept up for fifty years; that the lands mentioned in the complaint were two of the shares of the Knight lands, one of them falling to the *feme* plaintiff in the division, and the other share she acquired by purchase from one of the other heirs of said Knight; that there was evidence tending to prove the negligent construction of the road by the defendant, the damage caused thereby, and the amount of said damage.

This being so, we can see no ground upon which the ruling of the Court below can be sustained, and there must be a new trial.

New trial.